**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

LAURA A. MINEO,

                Plaintiff,                            12-CV-410-A(F)
        v.                                 **ORDER TO SHOW CAUSE**

CAROLYN W. COLVIN, Commissioner of
Social Security,

                Defendant.
_____

      The Plaintiff, Laura A. Mineo, brings this action pursuant to 42 U.S.C. § 405(g) claiming that the Defendant, Carolyn W. Colvin, Commissioner of Social Security, improperly denied Plaintiff's application for Social Security Disability Insurance benefits and Supplemental Security Insurance benefits.  The case is before the Court on the Defendant's objections to Magistrate Judge Foschio's Report and Recommendation, which recommends remanding the matter to the Social Security Administration for further development of the record regarding the severity of Plaintiff's impairments.  Dkt. No. 12.

      Magistrate Judge Foschio filed his Report and Recommendation on April 15, 2014.  The Defendant then filed timely objections.  On June 4, 2014, the Court entered a text order directing Plaintiff to file a response to the Defendant's objections by June 19, 2014; directing the Defendant to file a reply by June 26, 2014; and setting oral argument for July 7, 2014.  Dkt. No. 15.

Plaintiff's counsel failed, without explanation, to comply with the Court's briefing schedule.  Instead of receiving a response from Plaintiff's counsel on June 19, on June 20 the Court received a consent motion, filed by the Defendant's counsel, to adjourn oral argument for ten days.  Dkt. No. 16-1.  The Court granted the motion to adjourn.  Dkt. No. 17.  On June 26, 2014, the Defendant filed a "Notice of No Reply" indicating that Plaintiff had failed to file a response and that, "[t]herefore, no reply [by the Defendant] is necessary."  Dkt. No. 18.  On July 9, 2014, approximately two-and-a-half weeks after Plaintiff's response brief was due—and still without any response or explanation from Plaintiff's counsel—the Court entered an order directing Plaintiff to file, by 5 p.m. on July 14, 2014, "a motion explaining why she should be permitted to file a response out of time."  Dkt. No. 19.  The Court adjourned oral argument until further notice.  *Id.*

On July 14, 2014, approximately seven hours after it was due, Plaintiff's counsel filed an affidavit "requesting that this case be allowed to proceed without a written reply to Defendant's response."  Dkt. No. 21-1.[1]  Plaintiff's counsel stated that she "had mistakenly believed that because I agreed with the Magistrate's opinion to return the case for a remand to further develop the record, that I would not be required to submit a written response."  *Id.*  Plaintiff's

---

[1] Plaintiff's initial response, Dkt. No. 20, was filed on July 14, 2014 but was rejected by the Clerk's Office for failure to comply with certain of the Court's Local Rules.  The Court quotes from Plaintiff's re-filed response, Dkt. No. 21, filed on July 15, 2014.

counsel concluded that "I neglected to put that in writing or alert the court, for which I apologize." *Id.*

Magistrate Judge Foschio recommends that the Court remand this matter for further administrative proceedings on the grounds that the Administrative Law Judge did not adequately explain his finding that Plaintiff's impairments did not satisfy the severity criteria of Listing 2.07 (Disturbance of Labyrinthine Function (Including Meniere's Disease)).  The Defendant raises serious objections to the Report and Recommendation, which will require careful review by the Court.  To ensure that the record is fully developed, the Court accordingly ordered Plaintiff's counsel to file a response to the Defendant's objections.  Plaintiff's counsel's excuse for failing to comply with the Court's scheduling order is unacceptable.

Moreover, setting aside the Court's substantive concerns, the Court finds that Plaintiff's counsel's excuse for her failure to comply with the scheduling order is difficult to credit.  Plaintiff's counsel is very experienced and holds herself out as a highly-competent practitioner in this area of the law.  However, a cursory review of Plaintiff's counsel's cases in the Western District of New York reveals numerous instances in which Plaintiff's counsel has failed to comply with the orders of other Judges of this Court.  *See, e.g.*, *Heine v. Barnhart*, 05-CV-902-WMS, Dkt. No. 10 ("Plaintiff's counsel has been given numerous opportunities to file a response . . . .  Plaintiff shall file a response [by a listed date]. . . or this case may be dismissed for failure to prosecute or Defendant's Motion for

Judgment on the Pleadings may be granted as unopposed."); *Ward v. Barnhart*, 06-CV-355-WMS, Dkt. No. 8 (similar text order); Dkt. No. 11 (order to show cause); Dkt. No. 14 (order to show cause); *Miller v. Barnhart*, 06-CV-425-WMS, Dkt. No. 10 (order to show cause); *Boire v. Barnhart*, 06-CV-399-WMS, Dkt. No. 8 (noting that "Plaintiff has FAILED to respond" and that "[f]ailure to respond may result in this Court granting Defendant's motion as unopposed"); Dkt. No. 10 (granting untimely motion for extension of time and noting that "NO FURTHER EXTENSIONS WILL BE GRANTED.  FAILURE TO RESPOND MAY RESULT IN THIS COURT GRANTING DEFENDANT'S MOTION AS UNOPPOSED.") (emphasis in original); Dkt. No. 11 (order to show cause); Dkt. No. 14 (order to show cause); *Hanel v. Colvin*, 11-CV-905-WMS, Dkt. No. 11 (in light of Plaintiff's counsel's failure to comply with a scheduling order, granting an extension and noting that "Plaintiff's failure to respond may result in this Court granting Defendant's motion as uncontested, or dismissing Plaintiff's case for failure to prosecute"); Dkt. No. 12 ("This Court has afforded Plaintiff three opportunities to respond to Defendant's Motion . . . . This is Plaintiff's final warning and extension.  If Plaintiff does not file her response by [date], this case will be dismissed for failure to prosecute.").

    The Court documents this history at length to show that Plaintiff's counsel's excuse for failing to comply with this Court's scheduling order strains credibility. Plaintiff's counsel has had more than enough experience to know that a scheduling order from this Court is not optional.  Accordingly,

IT IS HEREBY ORDERED that Plaintiff's counsel, Felice A. Brodsky, Esq., shall file a response to the Defendant's objections on or before July 30, 2014;

FURTHER ORDERED that the Defendant shall file a reply to Plaintiff's response on or before August 6, 2014;

FURTHER ORDERED that oral argument on the Defendant's objections will be held on August 18, 2014 at 3 p.m.; and

FURTHER ORDERED that failure of Plaintiff's counsel to comply with this order may result in sanctions including, but not limited to, dismissal of this action with prejudice.

**SO ORDERED.**

Dated: July 16, 2014                                s/Richard J. Arcara_____
Buffalo, New York

                                                   HONORABLE RICHARD J. ARCARA
                                                   UNITED STATES DISTRICT JUDGE